IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES G. HOLMES,
    Plaintiff,

vs.                                         Case No.:  3:15cv557/RV/EMT

LAW LIBRARIAN STRAIN, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court on Plaintiff's Motion for Transfer (ECF No. 11). Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), commenced this action on December 13, 2015, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  He names as Defendants the law librarian, assistant warden, and warden at Santa Rosa Correctional Institution, and two officials with the FDOC's Central Office (*id.*).  Plaintiff alleges Defendants violated his First Amendment rights by restricting his access to the law library (*id.*).  As relief, Plaintiff seeks monetary damages and an injunction requiring Defendants to "allow access to the Annex law library for any prisoner involved in litigation" (*id.* at 9).

       In the instant Motion for Transfer, Plaintiff alleges that the fact that he is suing officials at Santa Rosa C.I. creates a "serious conflict of interest" and "danger . . . of retaliation" from staff and other inmates (ECF No. 11 at 2–3).  In support of his

motion, Plaintiff submitted an affidavit stating that since he notified prison officials of his intent to pursue this civil rights lawsuit, he has been "the target of ever-escalating disciplinary actions" (ECF No. 11, attached Affidavit). Plaintiff states that he is receiving verbal warnings and "CC violations" for engaging in conduct which previously went unnoticed by prison officials (*id.*). He also states he has been transferred from the work camp to the main unit at Santa Rosa C.I., and he believes that prison officials are targeting him for disciplinary action to justify placing him in "the hole" as a means to deprive him of his legal rights (*id.*). Plaintiff seeks an injunction requiring the FDOC to transfer him to "the Big Pine Key" location, or a federal facility in Tampa, Florida (ECF No. 11 at 3).

     Plaintiff's motion is in the nature of a motion for preliminary injunction. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* <u>Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

See CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Imp., Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broad., Inc., 265 F.3d at 1200 (citation omitted).

Here, Plaintiff failed to satisfy his burden of demonstrating the first factor, that there is a substantial likelihood that Plaintiff will prevail on the merits. In a separate order issued by this Court on February 26, 2016, Plaintiff was directed to submit an amended complaint, because his factual allegations failed to state a plausible claim for relief against the named Defendants (*see* ECF No. 10). Because it has been determined that Plaintiff's complaint fails to state a claim as to the named Defendants,

Case No.: 3:15cv557/RV/EMT

Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief. Therefore, the motion for a preliminary injunction should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Transfer (ECF No. 11) be **DENIED without prejudice**.

At Pensacola, Florida, this 2nd day of March 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**